**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GENERAL SECURITY NATIONAL INSURANCE CORPORATION** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1682-JWD-SDJ** |
| **OTTO SALVADOR CELI, SR., et al.** | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations **within 14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 29, 2024.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **GENERAL SECURITYY NATIONAL INSURANCE CORPORATION** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1682-JWD-SDJ** |
| **OTTO SALVADOR CELI, SR., et al.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (R. Doc. 11) filed by Plaintiff General Security National Insurance Corporation on January 12, 2024. Removing Defendants, Star Transport Logistics, Inc., and Certain Underwriters at Lloyd's, London Subscribing to Policy No. 20GU306160-160, oppose this Motion (R. Doc. 18). Plaintiff, in response, filed a Reply (R. Doc. 23). For the reasons set forth below, the Court finds that it has jurisdiction over this matter and recommends that Plaintiff's Motion to Remand (R. Doc. 11) be **denied**.

**I.    BACKGROUND**

Plaintiff filed this cause of action on or about November 8, 2021, in the Eighteenth Judicial District Court for the Parish of West Baton Rouge, State of Louisiana.[1] Plaintiff's claims arise from an automobile accident that occurred on June 6, 2021, between a tractor trailer and a horse trailer, resulting in the death of four thoroughbred horses.[2] Plaintiff made payments to its insureds for three of the four horses, "and pursuant to such payments became subrogated to the rights and remedies of the insureds against those persons and entities responsible for the losses to the

---

[1] R. Doc. 1-1 at 1-3.
[2] *Id.* at 1-2 ¶¶ 4-6.

insureds."[3]  Seven other lawsuits arising out of this same vehicular accident were also filed in the 18th JDC.[4]  On August 24, 2022, Defendants Otto Salvador Celi, Sr., Gocci U.S. Corporation, Star Transport, and State National Insurance Company filed a motion to consolidate all eight cases.[5]  This motion was granted on September 15, 2022, and the cases were consolidated with Plaintiff's initial action.[6]

On November 15, 2023, Plaintiff filed its First Amended, Supplemental and Restated Petition for Damages, which added Star Transport and Lloyd's as Defendants.[7]  Shortly thereafter, on December 20, 2023, Star Transport and Lloyd's removed this case to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332."[8]  In their Notice of Removal, the Removing Defendants assert that diversity jurisdiction exists because the amount in controversy is met and because Plaintiff's citizenship is diverse from that of all Defendants in this action.[9]  Following removal, Plaintiff filed the instant Motion to Remand (R. Doc. 11).

## II.    LAW AND ANALYSIS

### A.    Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States," and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).

---

[3] *Id.* at 2 ¶¶ 7-8.
[4] R. Doc. 11 at 2 ¶ 3.
[5] *Id.* ¶ 6.
[6] *Id.* at 3 ¶ 10.
[7] R. Doc. 1 at 2 ¶ III.  Both Star Transport and Lloyd's were served on November 22, 2023.  R. Doc. 1 at 3 ¶¶ VI-VII.
[8] *Id.* at 3-5 ¶¶ VIII-XVI.
[9] *Id.*

Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). In removed actions, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). The removal statute is strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Remand is proper if, at any time, the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

**B.     Discussion**

In its Motion to Remand, Plaintiff raises three arguments as to why this proceeding should be remanded to state court: (1) based on the consolidation of cases in state court, the plaintiffs and defendants are not completely diverse such that this Court lacks diversity jurisdiction over this matter; (2) Star Transport waived its right to remove this matter when it requested consolidation of the cases in state court; and (3) this Court should equitably remand this case or abstain from hearing it.[10] The Court addresses each of these arguments, in turn, below.

---

[10] In its Memorandum in support of its Motion to Remand, Plaintiff states, almost offhandedly, that "Star had long been a party to the consolidated action and Lloyd's became a party to the consolidated suit in September of 2023; consequently, this current removal comes too late," citing 28 U.S.C. § 1446(b). R. Doc. 11-4 at 4. No further argument is presented, and other than this single sentence, this argument is not repeated in Plaintiff's filings. Finding this argument without merit, the Court addresses it briefly here. 28 U.S.C. § 1446(c)(1) provides, in part, that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action." However, "subsection (b)(3) is only triggered 'if the case stated by the initial pleading is not removable….'" *Gonzalez v. Bank of Am., N.A.*, No. 17-469, 2018 WL 7253953, at *1 (S.D. Tex. Feb. 28, 2018) (citing 28 U.S.C. § 1446(b)(3)); *see also Jackson v. Alsco, Inc.*, No. 19-1101, 2019 WL 2250942, at *2 (S.D. Tex. May 24, 2019) (finding defendant "notes correctly that § 1446(c)(1) applies only to cases that are not originally removable"). The Fifth Circuit also has found that the one-year limitation only applies when the case is not initially removable. *See New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 885-87 (5th Cir. 1998). Here, diversity jurisdiction existed at the inception of this case. *See* R. Doc. 1 at 3-5 ¶¶ VIII-XIV. As such, § 1446(c)(1)'s one-year removal limitation does not apply, and removal was timely. *See Gonzalez*, 2018 WL 7253953, at *2.

1.     **Diversity Jurisdiction**

In its Motion to Remand, Plaintiff argues that this Court does not have diversity jurisdiction over this matter because the Parties are not completely diverse. As asserted by Plaintiff, when the cases were consolidated, "diversity jurisdiction ceased to exist," as they were "merged into one single proceeding for all purposes on September 15, 2022."[11] As such, per Plaintiff, the citizenship of all plaintiffs in the eight suits must be considered against the citizenship of all defendants in the eight suits.[12] When considered in this manner, there are plaintiffs and defendants who both are citizens of Florida as well as plaintiffs and defendants who both are citizens of Texas, meaning there is no diversity jurisdiction.[13]

"Federal courts look to state substantive law to determine the precise effect of the state court consolidation, namely whether 'the state consolidation destroyed the identity of each suit and merged them into one.'" *Lerille v. Monsanto Corp.*, No. 07-3621, 2007 WL 2284570, at *2 (E.D. La. Aug. 6, 2007). "While a consolidation of lawsuits 'for trial purposes only' or for some other limited manner would not typically merge the consolidated claims into a singular suit, a merger of all claims and all parties occurs when the state court makes clear its intention to join the parties' claims into a single proceeding for all purposes." *Poole v. Poppell*, No. 18-6921, 2019 WL 1397944, at *2 (E.D. La. Mar. 27, 2019). Louisiana courts are clear that, "[c]onsolidation does not merge the actions unless the records clearly reflect an intention to do so." *Lerille*, 2007 WL 2284570, at *2 (citing *Voth v. Am. Home Assurance Co.*, 219 So.2d 236, 240 (La.Ct.App. 1969)).

---

[11] R. Doc. 11 at 4 ¶ 15; R. Doc. 11-4 at 3.
[12] R. Doc. 11-4 at 4-5.
[13] R. Doc. 11 at 4 ¶¶ 15-18; R. Doc. 11-4 at 4-5.

According to Louisiana law, consolidation of cases pursuant to Louisiana Code of Civil Procedure art. 1561, which provides for consolidation of two or more separate suits, "is a procedural device which allows a trial court to deal with similar issues of law or fact in one trial; it does not merge the parties, affect the running of delays, or authorize consolidation of judgments or appeals." *Petition for Nullification of Donation Cotaya*, 22-539 (La.App. 5 Cir. 5/21/23), 367 So.3d 806, 811-812.  The First Circuit aptly explained the effects of consolidation, stating:

> The consolidation of actions is a procedural convenience designed to avoid multiplicity of actions and does not cause a case to lose its status as a procedural entity.  The filing of a pleading or motion in one of several consolidated cases does not procedurally affect the others.  The mere fact that a pleading, a discovery response, or correspondence bears the suit captions of the consolidated actions does not render the pleading or document applicable to all of the consolidated actions….
>
> Consolidation does not render the procedural or substantive rights peculiar to one case applicable to a companion case, and in no way enlarges or decreases the rights of the litigants.  Despite an order of consolidation, each case must stand on its own merits.  The consolidation of actions does not merge the two cases unless the records clearly reflect an intention to do so.

*Ricks v. Kentwood Oil Co., Inc.*, 2009-0677 (La.App. 1 Cir. 2/23/10), 38 So.3d 363, 366-67 (internal citations omitted).

Here, the record before the Court for the consolidated cases does not reflect an intention to merge the cases.  The Motion and Order to Consolidate entered by the 18th JDC orders only that, upon suggestion "that the ends of justice would be better served by the consolidation of said lawsuits for trial and determination before this Honorable Court at one and the same time," the seven other cases "be and [are] hereby consolidated into and with the lawsuits entitled, "***General Security National Insurance Company v. Otto Salvado Celi, Sr., et al***", Docket Number 1047090."[14]  In addition, it is clear that the First Amended, Supplemental & Restated Petition for Damages, even though it bears the consolidated caption, applies only to the instant matter, as it

---

[14] R. Doc. 1-1 at 30; R. Doc. 18-1 at 2.

lists only the parties involved in this litigation, adding Star Transport and Lloyd's as Defendants, and does not reference the other cases or parties therein.[15]  Similarly, the Answers by Defendants to the Amended Complaint address only the allegations of that pleading, not the complaints of the other seven actions.[16]

Plaintiff argues that the language that "consolidation of said lawsuits for trial and determination before this Honorable Court at one and the same time" "clearly and unequivocally intends that the cases be joined into a single proceeding for all purposes."[17]  The Court disagrees.  The referenced language merely consolidates the cases for trial.  This is not enough for this Court to find that a complete merger of the eight actions occurred in state court.  *See Lerille*, 2007 WL 2284570, at *3 (finding that an order by the state court simply consolidating two cases, which "contains no instructions indicating that merger of the actions was intended, and defendants have identified no such indication elsewhere in the record," did not merge the consolidated state court cases into one action).

In *Poole v. Poppell*, *supra*, cited by Plaintiff, the court found remand appropriate where "[t]he state court order … did not limit consolidation for either discovery or trial purposes only or in any manner," meaning the two lawsuits were fully merged into a single action.  *Poole*, 2019 WL 1397944, at *2.  However, the *Poole* court specifically noted that "the presiding state court judge ordered consolidation of both cases for all further proceedings and final disposition."  *Id.* at *1.  Such is not the case here, where the language of the state court specifically only consolidates the cases "for trial and determination before this Honorable Court at one and the same time."  To the Court, this language does not indicate consolidation "for all further proceedings," referencing

---

[15] R. Doc. 1-1 at 36-42.
[16] *Id.* at 46-65.
[17] R. Doc. 23 at 3-4.

only trial. Nor does it indicate merger of the actions was intended. As Plaintiff has pointed to no other information in the state court record specifically indicating an intent by the state court to merge all eight cases into a single action, the Court, applying Louisiana law, finds that the state court cases, while consolidated, remained distinct, individual proceedings.

Turning now to whether diversity jurisdiction exists over the instant matter, it is evident from the Notice of Removal that the Plaintiff in this particular action is diverse from all Defendants.[18] And no Party challenges this contention. Moreover, as Plaintiff's Complaint alleges that approximately $257,500 in insurance payments have been made by Plaintiff, for which it seeks reimbursement, the amount in controversy also is satisfied.[19] Thus, the requirements for diversity jurisdiction by this Court have been met. *See Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976) (recognizing "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them").

### 2. Waiver by Star Transport

Plaintiff next argues that Star Transport "waived any right of removal when it petitioned the State Court to consolidate all eight cases into one singular case for all purposes."[20] Per Plaintiff, Star Transport's "motion to consolidate was, objectively, intended to litigate and adjudicate the merits of all eight cases, including the one Star now seeks to remove, at once ('at one and the same time') and in State Court."[21] Plaintiff contends that this action constitutes a waiver by Star Transport of its right of removal.[22]

---

[18] R. Doc. 1 at 3-5 ¶¶ VIII-XIV.
[19] *Id.* at 5 ¶¶ XV-XVI.
[20] R. Doc. 11 at 3 ¶ 12.
[21] R. Doc. 11-4 at 2.
[22] *Id.*

"A defendant may waive its right of removal by taking substantial action in state court prior to removal." *Pittman v. Mem'l Herman Healthcare*, 124 F.Supp.2d 446, 448 (S.D. Tex. 2000). However, waiver will not occur unless it is "clear and unequivocal." *Id.* (citing *Beighley v. FDIC*, 868 F.2d 776, 782 (5th Cir.1989); *Custom Blending Int'l Inc. v. E.I. DuPont De Nemours & Co.*, 958 F.Supp. 288, 289 (S.D. Tex. 1997)). "Generally, there is no waiver 'short of proceeding to adjudication on the merits.'" *Id.* (citing *Beighley*, 868 F.2d at 782). S*ee also Strong v. Green Tree Servicing, LLC*, 716 F. App'x 259, 263 (5th Cir. 2017) ("A waiver of the right to remove must be clear and unequivocal" and "is not lost by participating in state court proceedings short of seeking an adjudication on the merits."); *Mitchell v. Starks*, No. 20-470, 2021 WL 895801, at *1 n.1 (M.D. La. Feb. 22, 2021) (finding that filing of a motion to dismiss based on plaintiff's failure to perfect service did not waive defendant's right of removal); *Kemp v. CTL Distribution, Inc.*, No. 09-1109, 2010 WL 2560447, at *9 (M.D. La. May 6, 2010) ("In the Fifth Circuit a defendant does not lose the right to remove by participating in state court proceedings that do not involve seeking an adjudication on the merits."). Here, Star Transport filed only a motion to consolidate in state court, which is not a motion seeking adjudication on the merits, far from it. Moreover, Star Transport was not a party to this particular litigation at the time it sought consolidation, meaning it arguably did not participate in state court proceedings in this case at all. As such, the Court finds that Star Transport's filing of said motion to consolidate, alone, did not waive its right to remove this matter.

In addition, as noted by the Removing Defendants in their Opposition, Lloyd's also filed the Notice of Removal in this action. Per the Removing Defendants, Lloyd's was not a party to this litigation when the motion to consolidate was "filed or granted" in state court, meaning Lloyd's

did not waive any right to remove.[23] The Court, therefore, finds this argument by Plaintiff without merit.

### 3.  Equitable Remand or Abstention

Finally, Plaintiff argues that under the circumstances present here, this matter should be equitably remanded pursuant to 28 U.S.C. § 1452(b).[24] As noted by the Removing Defendants in their Opposition,[25] section 1452, titled "Removal of claims related to bankruptcy cases," applies only to proceedings that relate to bankruptcy proceedings. The instant matter has no relation to any bankruptcy proceedings. As such, this statute, and any equitable remand thereunder, are inapplicable. Plaintiff even concedes this in its Reply, stating that the statute "applies where bankruptcy proceedings are involved," that Plaintiff "is unaware of any bankruptcy proceedings involving parties to this consolidated action," and that the statute "was erroneously cited."[26]

However, in its Reply, Plaintiff switches gears and raises a new argument, namely that "abstention is appropriate under the circumstances and pursuant to the Colorado River Doctrine."[27] "Under the *Colorado River* doctrine, a court may abstain from a case that is part of parallel, duplicative litigation under 'exceptional circumstances.'" *Alacrity Sols. Group, LLC v. La. Citizens Prop. Ins. Co.*, No. 23-74, 2023 WL 3260531, at *3 (M.D. La. May 4, 2023) (quoting *Saucier v. Aviva Life & Annuity Co.*, 701 F.3d 458, 462 (5th Cir. 2012)). The Court need not address this argument further, as it is well-settled that "[r]eply briefs cannot be used to raise new arguments." *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016). *See also Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir. 2008) ("arguments cannot be raised for the first time in a

---

[23] R. Doc. 18 at 2.
[24] R. Doc. 11 at 5 ¶¶ 22-23.
[25] R. Doc. 18 at 7-8.
[26] R. Doc. 23 at 5.
[27] *Id.*

reply brief"); *Dugas v. Vannoy*, No. 21-530, 2023 WL 8244288, at *1 n.2 (M.D. La. Nov. 28, 2023) ("[A]rguments cannot be raised for the first time in a reply brief. Accordingly, Defendants' arguments improperly presented for the first time in the reply memorandum were not considered.") (internal citation omitted); *Santos v. Baton Rouge Water Works Co.*, No. 18-1098, 2021 WL 1227875, at *11 n.6 (M.D. La. Mar. 31, 2021) ("Courts in the Fifth Circuit have determined that new arguments raised for the first time in a reply brief need not be considered."); *Little Tchefuncte River Ass'n v. Artesian Util. Co., Inc.*, 155 F.Supp.3d 637, 657 (E.D. La. 2015) ("[A]rguments cannot be raised for the first time in a reply brief.").

Because Plaintiff first raises its argument regarding the *Colorado River* abstention doctrine in its Reply, it is not properly before the Court and the Court may not consider it. In addition, the statute clearly indicates, and Plaintiff even concedes, that equitable remand pursuant to 28 U.S.C. § 1452(b) is not available here, as this matter does not relate in any way to bankruptcy proceedings. As such, the Court finds this argument by Plaintiff without merit; Plaintiff has presented no viable grounds to the Court for either equitably remanding or abstaining from this matter.

### III.  CONCLUSION

For the reasons set forth above,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 11) be **DENIED**.

Signed in Baton Rouge, Louisiana, on August 29, 2024.

          **SCOTT D. JOHNSON**
          **UNITED STATES MAGISTRATE JUDGE**